## STATE OF CONNECTICUT *v.* FRANK G. LONGABARDI (2733)

BORDEN, SPALLONE and SATTER, Js.

Argued September 19—decision released October 22, 1985

*Peter S. Vannucci,* with whom, on the brief, was *Jackie Chan,* for the appellant (defendant).

*Michael E. O'Hare,* deputy assistant state's attorney, with whom, on the brief, were *Eugene J. Callahan,* state's attorney, and *David I. Cohen* and *John M. Massameno,* assistant state's attorneys, for the appellee (state).

PER CURIAM. The defendant appeals from the judgment of his conviction, after a jury trial, of the offenses

of sexual assault in the first degree, in violation of General Statutes § 53a-70,[1] and unlawful restraint in the first degree, in violation of General Statutes § 53a-95.[2] His sole claim is that the evidence was insufficient for both convictions. We find no error.

Ordinarily we would, when confronted with a claim of evidentiary insufficiency, be constrained to state all the relevant evidence from which the jury could have reached its verdicts. In this sordid case, however, the defendant's claim is so devoid of merit that we deem it unnecessary to do so.

Suffice it to say that the jury could reasonably have found the following facts: During a five hour episode in the defendant's apartment, he compelled the victim, a prostitute, to engage in acts of sexual intercourse by threatening to shoot her with a shotgun, which he had in hand or nearby during the assaults. He penetrated her vagina three times with the barrel of the shotgun while threatening to shoot her. He slapped her in the face three times, and pressed the gun to her breast so hard that she was bruised for two months afterwards. He refused to let the victim, who feared for her life, leave the apartment. Later, he took her, blindfolded, into his automobile, drove her to another area, ordered her out of the car into the woods and forced her to kneel while he pressed a gun against her back and told her he would shoot her if she turned around. He then left.

---

[1] General Statutes § 53a-70 (a) provides in pertinent part: "A person is guilty of sexual assault in the first degree when such person compels another person to engage in sexual intercourse by the use of force against such other person . . . or by the threat of use of force against such other person . . . which reasonably causes such person to fear physical injury to such person . . . ."

[2] General Statutes § 53a-95 (a) provides in pertinent part: "A person is guilty of unlawful restraint in the first degree when he restrains another person under circumstances which expose the latter to a substantial risk of physical injury."

The defendant's sole claim is that the state's case fails on both counts of the conviction because there was no evidence that the shotgun was loaded or capable of firing a shot. Thus, he claims that there was no evidence of the use of force or the threat of use of force, which is required for a conviction of sexual assault in the first degree; see footnote 1, supra; and no evidence of circumstances exposing the victim to a substantial risk of physical injury, which is required for a conviction of unlawful restraint in the first degree. See footnote 2, supra. We disagree. The evidence of use and threatened use of the shotgun, loaded or not, and of the slapping of the victim, supplied more than an ample basis for findings by the jury of the use of force, the threat of force and circumstances exposing the victim to a substantial risk of physical injury.

There is no error.